1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

DAWN McCULLOUGH,

              Plaintiff,

11
12

     v.

13
14

FRESNO POLICE DEPARTMENT,

              Defendant.

15
16

_____/

CASE NO.    1:10-cv-2295-AWI-MJS

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

AMENDED COMPLAINT DUE MAY 2, 2011

17
18
19

     Plaintiff Dawn McCullough initiated this action by filing a pro se Complaint on December 10, 2010 accompanied by an application to proceed in forma pauperis. (ECF Nos. 1 & 2.) Plaintiff's Complaint is before the Court for screening.

20
21

I.    **SCREENING REQUIREMENT**

22
23
24
25
26
27

     The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice," <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v.</u> <u>Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusion are not.  <u>Iqbal</u>, 129 S.Ct. at 1949.

## II.   FACTUAL ALLEGATIONS

Plaintiff's "Complaint" is essentially a letter to the Court asking that "some[thing] be done" about her detention[1] by the Fresno Police.  Attached to the letter are copies of various documents that appear to be police records.  The only named Defendant is the Fresno Police Department.  Plaintiff does not specify what relief she is seeking (e.g. monetary, injunctive, etc.).  She does not identify any legal basis for her claims.

From these documents, the Court has attempted to piece together a description of events, as follows:

Plaintiff was out of town visiting family in San Bernardino, California and asked her boyfriend to keep an eye on her place while she was gone.  She spoke with him every day, and he assured her that everything was in order.

On December 9, 2008, Plaintiff returned home.  She found computer parts, beer cans, and garbage strewn about her yard.  Plaintiff's boyfriend was supposed to move a clothes dryer to the back yard, but had not done it so Plaintiff tried to move it herself.  It was sitting on a wooden pallet and, when the dryer began to fall forward, Plaintiff let it go.

---

[1]  It is unclear whether Plaintiff was arrested or why she was removed from her house by the police.  For lack of better terminology, the Court will refer to the incident as an "arrest".  Plaintiff should clarify the situation if she files an amended complaint.

-2-

Plaintiff then kicked the dryer so that it sat in front of the door to her apartment.  She spent four hours picking up the yard before she even entered the house.

Upon entering the house, Plaintiff found dishes piled on every surface.  She asked her brother to help her clean up.  He refused.  They "got into a big fight" and Plaintiff's finger was broken.  Plaintiff told her brother "that's it, I'm done" and went to take a bath.  While in the bath, Plaintiff screamed "I can't believe you, Dave.  Why, can't you just help me" and was crying.  Plaintiff was very upset and angry.

Plaintiff's brother called the Fresno Police Department and reported that his sister was high on PCP.[2]  Officers and emergency medical technicians were dispatched to Plaintiff's house.  When officers arrived, Plaintiff's brother informed them that Plainitff did not have any weapons.

Unnamed officers from the Fresno Police Department entered Plaintiff's house.  They asked Plaintiff to open the bathroom door.  She responded that she was okay and just taking a bath.  The officers kicked down the door and grabbed Plaintiff's left arm; her right hand was covering her left breast.  Plaintiff asked the officers to leave because she was naked.  Instead, the officers lifted Plaintiff by her arm, pulled her out of the bathtub, and dropped her to the ground.  They dragged her, handcuffed her, and continued to pull her out into the living room.  She was naked this whole time.  Plaintiff remembers seeing three officers inside her house and three more outside.  Plaintiff begged them for clothing, noting that her brother was in the room.  All of the officers refused to give her clothes.

The officers put Plaintiff into a straight jacket and injected her with a tranquilizer.

---

[2]  Plaintiff denies having PCP in her system.

Plaintiff was transported to "CRMC" by the EMTs on scene.  A CAT scan was performed while Plaintiff was unconscious.  Plaintiff woke up naked in the hospital.

Plaintiff repeatedly tried to get records of the events from the police department, but it claimed it did not have any.  Plaintiff claims "[i]t is obvious to me they is foul play.  Thanks for listening.  Sometime should be done."

## III.   ANALYSIS

As previously noted, Plaintiff does not include citation to legal authority or state what law she believes was violated by the Fresno Police Department.  Because Plaintiff appears to be complaining that her constitutional rights were violated by police officers, the Court will construe her claims as being brought pursuant to 42 U.S.C. § 1983.[3]

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

---

[3]  If the Court misread or failed to understand Plaintiff's claims, she is free to further clarify them in her amended complaint.  Plaintiff may want to consider hiring an attorney to assist her with these claims. Civil rights actions are difficult for even seasoned attorneys to prosecute.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

The Court construes Plaintiff's Complaint as asserting claims for violation of the Fourth Amendment through the use of excessive force and intrusion into her right to bodily integrity.   The Fourth Amendment protects an individual's right to be free from unreasonable searches and seizures.  U.S. Const. amend. IV.  Encompassed within the term "unreasonable seizure" is the right to be free from excessive force and protection from "unreasonable intrusions on one's bodily integrity."  Fontana v. Haskin, 262 F.3d 871, 878-79 (9th Cir. 2001).  To state a Fourth Amendment claim, a plaintiff must show that the amount of force used was unreasonable or that the manner in which the arrest was effectuated was an unlawful intrusion into her bodily integrity.  Gregory v. County of Maui, 523 F.3d 1103, 1106 (9th Cir. 2008); Fontana, 262 F.3d at 879.  Determining the "reasonableness" of a particular action "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  Id. (internal quotation marks omitted).

16
17
18
19
20
21
22
23
24
25
26
27

To determine the reasonableness of the use of force, the court first must evaluate "the type and amount of force inflicted."  Miller v. Clark County, 340 F.3d 959, 964 (9th Cir. 2003).  The Court must then consider the importance of the government interests at stake by evaluating: (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest.  See Graham v. Connor, 490 U.S. 386, 396 (1989).  Finally, the Court must balance the gravity of the intrusion on the individual against the government's need for that intrusion.  Headwaters Forest Defense v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2000)(judgment vacated and case remanded for further consideration in light of Saucier v. Katz, 533 U.S. 194 (2001), by County of Humboldt v. Headwaters

1  Forest Defense, 534 U.S. 801 (2001)) (judgment reaffirmed after remand by Headwaters

2  Forest Defense v. County of Humboldt, 276 F.3d 1125, 1127 (9th Cir. 2002)).

3
4  In this case, Plaintiff was naked in the bathtub when officers kicked down the door

5  and pulled her out of the tub.  The officers then handcuffed her, dragged her into the living

6  room, and applied a straight jacket.  The officers were responding to a call that Plaintiff was

7  high on PCP, but there is no allegation that she had caused harm to herself or anyone

8  else. There is also no allegation that Plaintiff was resisting arrest or otherwise posing a

9  threat to officer safety.  On these facts, the degree of force used to subdue Plaintiff could

10 be construed as more than reasonably necessary under the circumstances.

11
12 As to the violation of her bodily integrity, Plaintiff alleges that she was dragged out

13 of her bathtub naked and she was left to stand naked in front of at least six police officers

14 (some of whom, the Court presumes, were of the opposite sex) and her brother.  She

15 claims that she repeatedly pleaded for clothing, but the officers refused her requests.

16 Accordingly, it appears that Plaintiff could state a claim for a violation of her Fourth

17 Amendment right to be free from excessive force and for violation of her right to bodily

18 integrity.   However, the only named Defendant in this case is the Fresno Police

19 Department.  Municipal police departments, such as the Fresno Police Department, are

20 not liable for the unconstitutional conduct of its officers.  See Monell v. Dep't of Social

21 Servs., 436 U.S. 658, 691 (1978).  Fresno Police Department is liable only if "action

22
23 pursuant to an official municipal policy of some nature caused [the] constitutional tort." Id.

24 Plaintiff has not alleged that, in using excessive force to subdue her and exposing her

25 naked body to multiple officers, the arresting officers were acting pursuant to some Fresno

26 Police Department policy.   Accordingly, Plaintiff has failed to state a claim for a

27

constitutional violation by the Fresno Police Department.

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must name as defendants the officers that personally acted (or failed to act) in a manner that violated her constitutional rights. If Plaintiff chooses to amend her complaint, she should name as defendants the individual officers that arrested her, describe what actions each took, and explain what harm resulted from those actions.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one opportunity to file an amended complaint to address the potentially correctable deficiencies noted herein. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is free to add new defendants as necessary to address the deficiencies noted above.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

-7-

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9thCir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

3. Plaintiff shall file an amended complaint by **May 2, 2011**; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   March 25, 2011          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE