UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN McCULLOUGH,<br><br>                   Plaintiffs,<br><br>   v.<br><br>FRESNO POLICE DEPARTMENT,<br><br>                   Defendant.<br>_____/ | CASE NO.   1:10-cv-2295-AWI-MJS<br><br>FINDINGS AND RECOMMENDATIONS, FINDING PLAINTIFF STATES A COGNIZABLE CLAIM AND RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 7)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Dawn McCullough ("Plaintiff"), proceeding in forma pauperis, initiated this action by filing a pro se Complaint on December 20, 2010. (ECF No. 1.) The Court screened Plaintiff's initial Complaint on March 25, 2011, and dismissed it with leave to amend. (ECF No. 6.) Plaintiff filed a First Amended Complaint on May 2, 2011. (ECF No. 7.) Plaintiff's First Amended Complaint is now before the Court for screening.

I.  **SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon

-1-

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusion are not.  Iqbal, 129 S. Ct. at 1949.

## II.    FACTUAL ALLEGATIONS

Plaintiff names the following individuals as Defendants: 1) Kevin Yambupah (ID: P1555), 2) Maribel Ramirez (ID: D3038), 3) Miguel Archan (ID: P1444), 4) Eddie Barrious (ID: S5107), 5) Chris Cooper(ID: P827), 6) Gregory Taylor (ID: P991), 7) Alex Robles (ID: S142), 8) Josh Bowling (ID: P1188), 9) Robert Chavez (ID: P1348), 10) See Xiong (ID: D3061), 11) Tami Worden (ID: D3081), 12) Mayiyen Yang (ID: D3024), 13) Kaylie Rodriguez (ID: D3080), 14) Jodi Garland (ID: D3076), 15) Lorrie Emerson (ID: D3023), 16) Aisha Jones (ID: P1311), 17) Angie Landin (ID: D3037).  Plaintiff alleges that as a result of Defendants' violations of her rights under the First, Fourth, and Fourteenth Amendments she was injured, and subjected to pain, suffering, and emotional distress.

Plaintiff alleges as follows:

On December 9, 2008, at 11:15 p.m, Plaintiff was involved in an argument with her brother, David Webster.  (Am. Compl. at 3.)  Plaintiff then went to take a bath.  (Id.) Defendant Yambupah kicked the bathroom door open.  (Id.)  Plaintiff told Defendant

Yambupah that she was naked, and would get out of the bath, put on clothes, and then talk to him. (Id.) Defendant Yambupah refused to let her do this, and instead took Plaintiff's left arm and pulled her out of the bath. (Id.) Plaintiff fell on the floor. (Id.) Defendant Yambupah pulled Plaintiff into the living room in front of the open front door. (Id.) At this point, Plaintiff was handcuffed. (Id.) Plaintiff continued to ask for clothes. (Id.) Defendants M. Ramirez and Archan were also inside the apartment. (ECF No. 7-1.) Defendants Borrows, Cooper, Taylor, Robles, Yang, Jones, K. Rodriguez, Garland, Landin, Bowling, Chavez, Xiong, Worden, and Emerson were standing outside. (Id.) Plaintiff was never arrested or given a court date. (Am. Compl. at 4.) She never had charges filed against her. (Id. at 4.)

Plaintiff asks for $2.7 million for pain and suffering, as well as for mental distress.

## III. ANALYSIS

### A. Introduction

As Plaintiff was previously informed in the Court's original screening order (ECF No. 6 at 4), the Court will construe her claims as though brought pursuant to 42 U.S.C. § 1983.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff alleges violations of her rights under the First, Fourth, and Fourteenth Amendments.

### B.   First Amendment Claim

The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I.  The First Amendment protects the freedom of religion, free speech, the press, the right to assemble, and to petition the Government for redress of grievances. Id.

Although Plaintiff alleges violation of First Amendment rights, she does not allege any facts suggesting she was denied any right or freedom protected by that Amendment. Plaintiff has not asserted a claim under the First Amendment. Nothing in the facts she presents implicates a First Amendment right. No useful purpose would be served by giving Plaintiff an opportunity to amend this claim. The Court recommends dismissal of it.

### B.   Fourteenth Amendment Claim

Plaintiff alleges that her rights under the Fourteenth Amendment were violated, apparently intending to allege violation of the the Due Process Clause of the Fourteenth Amendment.

The Ninth Circuit has found that

> [t]o establish a violation of substantive due process ..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.

Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc.v. Swift Eckrich, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Court concludes that the Fourth Amendment "provides [the] explicit textual source of constitutional protection...." Patel, 103 F.3d at 874. Therefore, the Fourth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's constitutional claims.

### C.     Fourth Amendment Claim

The gravamen of Plaintiff's claims bring them within the ambit of the Fourth Amendment protection against excessive force and intrusion into one's right to bodily integrity.

The Fourth Amendment protects an individual's right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. Encompassed within the term "unreasonable seizure" is the right to be free from excessive force and protection from "unreasonable intrusions on one's bodily integrity." Fontana v. Haskin, 262 F.3d 871, 878-79 (9th Cir. 2001). To state a Fourth Amendment claim, a plaintiff must show that the amount of force used was unreasonable or that the manner in which the arrest was

effectuated was an unlawful intrusion into her bodily integrity. Gregory v. County of Maui, 523 F.3d 1103, 1106 (9th Cir. 2008); Fontana, 262 F.3d at 879. Determining the "reasonableness" of a particular action "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. (internal quotation marks omitted). To determine the reasonableness of the use of force, the Court first must evaluate "the type and amount of force inflicted." Miller v. Clark County, 340 F.3d 959, 964 (9th Cir. 2003). The Court must then consider the importance of the government interests at stake by evaluating: (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest. See Graham v. Connor, 490 U.S. 386, 396 (1989). Finally, the Court must balance the gravity of the intrusion on the individual against the government's need for that intrusion. Headwaters Forest Defense v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2000) (judgment vacated and case remanded for further consideration in light of Saucier v. Katz, 533 U.S. 194 (2001), by County of Humboldt v. Headwaters Forest Defense, 534 U.S. 801 (2001)) (judgment reaffirmed after remand by Headwaters Forest Defense v. County of Humboldt, 276 F.3d 1125, 1127 (9th Cir. 2002)).

In this case, taking Plaintiff's allegations as true, as the Court must at this stage of the proceeding, Defendant Yambupah pulled her naked from a bathtub and dragged her into the living room where he handcuffed her. Defendants M. Ramirez and Archan were inside the apartment at the time of the incident. At this point there is nothing before the Court to suggest that Plaintiff had precipitated the action by threatening or causing harm to herself, the officers or anyone else or by resisting arrest. There is nothing to suggest

it was necessary to "drag" her from the bathroom to the living room or to suggest a valid reason for not covering her naked body before taking her to the living room. Plaintiff alleges she was never arrested or charged. On these facts, the degree of force used to subdue Plaintiff could be construed as more than reasonably necessary under the circumstances.

Accordingly, it appears that Plaintiff has stated a claim for a violation of her Fourth Amendment right to be free from excessive force and for violation of her right to bodily integrity against Defendant Yambupah. She has failed to state a Fourth Amendment claim against anyone else. Reportedly, Defendants M. Ramirez and Archan were present, but Plaintiff still, after having been given leave to amend, does not allege that they took or failed to take any action which violated her rights  The Court will recommend that Defendants M. Ramirez and Archan be dismissed from this action.

### D. Section 1983 Linkage Requirement

Plaintiff also alleges claims against Defendants Borrows, Cooper, Taylor, Robles, Yang, Jones, K. Rodriguez, Garland, Landin, Bowling, Chavez, Xiong, Worden, Barrious, and Emerson. However, Plaintiff has failed to link any of these Defendants to any action resulting in an injury to Plaintiff.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978).  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S. Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in section 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation.

Nowhere in the body of the Complaint does Plaintiff attribute any substantive action or wrong to Defendants Borrows, Cooper, Taylor, Robles, Yang, Jones, K. Rodriguez, Garland, Landin, Bowling, Chavez, Xiong, Worden, Barrious, or Emerson.  Plaintiff only alleges that they were outside of the apartment when she was dragged into the living room without clothes.

For the reasons stated above, the Court will recommend dismissal of these Defendants, further leave to amend appearing futile.

## IV.    **CONCLUSION AND RECOMMENDATION**

Plaintiff stated a cognizable claim against Defendant Yambupah for violation of her Fourth Amendment right to be free from excessive force and for violation of her right to bodily integrity, but failed to state any other cognizable claim.  Plaintiff has failed to state a claim under the First and Fourteenth Amendments and against Defendants M. Ramirez,

Archan, Borrows, Cooper, Taylor, Robles, Yang, Jones, K. Rodriguez, Garland, Landin, Bowling, Chavez, Xiong, Worden, Barrious, or Emerson.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's claims against Defendants M. Ramirez, Archan, Borrows, Cooper, Taylor, Robles, Yang, Jones, K. Rodriguez, Garland, Landin, Bowling, Chavez, Xiong, Worden, Barrious, and Emerson be dismissed with prejudice;

2. Plaintiff's First Amendment claim be dismissed with prejudice;

3. Plaintiff's Fourteenth Amendment claim be dismissed with prejudice; and

4. Plaintiff be given leave to proceed on her Fourth Amendment claim against Defendant Yambupah.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 9, 2012                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE