# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN McCULLOUGH,<br><br>  Plaintiff,<br><br>  v.<br><br>FRESNO POLICE DEPARTMENT, et al.,<br><br>  Defendants. | Case No.  1:10-cv-02295-AWI-MJS<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATIONS AND DISMISSING ACTION<br><br>ECF No. 43 |

Plaintiff Dawn McCullough ("Plaintiff") initiated this action by filing a pro se Complaint on December 20, 2010, and is proceeding in forma pauperis. (ECF No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 1, 2013, a scheduling conference in this matter was held on the record before Magistrate Judge Michael J. Seng.  (ECF No. 36.)  Both parties appeared.  Defendant Yambupah asserted, and Plaintiff did not dispute, that Plaintiff had not yet responded properly, if at all, to various written discovery requests served on her on or about July 31, 2013.  The Court ordered Plaintiff to respond to all outstanding written discovery requests in accordance with the Federal Rules of Civil Procedure and Local Rules no later than November 11, 2013.  The parties agreed that Defendant Yambupah would take Plaintiff's oral deposition in Fresno, California on November 2013.  The Court warned Plaintiff that if she failed to comply with the discovery requests, Defendant Yambupah was authorized to move the Court for sanctions, including dismissal of this action.

1

On December 6, 2013, Defendant Yambupah filed a motion to compel discovery, sanctions, and dismissal. (ECF No. 39.) Defendant requested that the Court impose sanctions on Plaintiff because Plaintiff had failed to properly respond to any of Defendant's discovery requests and appear for her deposition scheduled for November 22, 2013. (Id.)

On January 24, 2013, the Court held a hearing on Defendant's motion for sanctions. (ECF No. 43.) Both parties were present. The Court was informed that Plaintiff still had not properly responded to Defendant's discovery requests or appeared for a deposition. Since Plaintiff had failed to follow a court order and had proven unable to prosecute her action, the Court recommended that the District Judge dismiss this action with prejudice.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831;

Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 21 779 F.2d at 1424. The Court warned Plaintiff on the record on November 1, 2013, that her action would be dismissed if she failed to comply with Defendant Yambupah's discovery requests. (ECF No. 36.)

Plaintiff has filed a response to the Court's recommendations. (ECF No. 44.) Plaintiff asks the Court to reconsider its dismissal recommendation and provide her with additional time to respond to Defendant's discovery requests. (Id.) Plaintiff alleges that she is suffering from medical complications but will try to comply with the discovery requests soon. (Id.) Given the time that has passed and the number of opportunities for Plaintiff to comply, the Court overrules her objections.

Accordingly, the Court hereby ADOPTS the Findings and Recommendations of the Magistrate Judge and ORDERS that this action be DISMISSED, with prejudice, and that all pending motions be DISMISSED as moot.

IT IS SO ORDERED.

Dated:   May 19, 2014                                   _____
                                                        SENIOR DISTRICT JUDGE